IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA THIBODEAUX<br><br>  Plaintiff,<br><br>v.<br><br>MILK & HONEY GUTBUSTERS, LLC A/K/A MILK AND HONEY IN MCDONOUGH LLC<br><br>  Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Joshua Thibodeaux ("Plaintiff"), by and through his undersigned counsel, files this Complaint for Damages against Defendant Milk & Honey Gutbusters LLC a/k/a Milk and Honey in McDonough LLC ("Defendant Milk & Honey") and states as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants for violations of his rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon Plaintiff's request, the EEOC issued Plaintiff's Notice of Right to sue on May 7, 2024.

5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

8.

At all times relevant, Defendants have had fifteen or more employees. For each working day in each of twenty or more calendar weeks during 2022 and 2023, Defendants had fifteen or more employees.

9.

At all times relevant, Defendant Milk & Honey has been an employer subject to Title VII.

10.

Defendant Milk and Honey may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Michele Moragne, at 1704 Hwy 20 West, McDonough, GA, 30253.

## FACTS

11.

On March 7, 2022, Plaintiff began working as a server at the Milk & Honey Cascade Rd. location.

12.

Within six months, Plaintiff was promoted to General Manager of Defendant's McDonough location.

13.

Following that promotion, Plaintiff was moved to Defendant's Snelville, Georgia, location to assist with opening it.

14.

Beginning in or around August 2023, Plaintiff started to receive reports from staff and parents of staff, that Sonya Gibbs, Manager, was telling female employees, including minors that they had to "look sexy" when they were serving and forcing them to change their dress so that they looked "sexy."

15.

On or about August 29, 2023, Plaintiff reported this behavior to District Manager, Titus Moragne.

16.

Then, on August 30, 2023, without any prior discussion, Plaintiff's pay was reduced substantially.

17.

Then on or about September 18, 2023, Plaintiff received reports from two different employees regarding sexual harassment from another employee, Marcus Usher, Kitchen Manager.

18.

Employees Jasmine Allen and Aujenae Jones both submitted statements to Plaintiff regarding sexual harassment and unwanted touching on the part of Usher.

19.

Plaintiff confronted Usher, who admitted that he had sexually harassed Jones and Allen and signed a writeup that Plaintiff gave him.

20.

Then, on or about September 24, 2023, Michael Epps, a co-owner of Defendants, came to Plaintiff and told him he was very upset and needed to discuss something important about Usher.

21.

Plaintiff gave Epps the writeup to review and explained the nature of the behavior Usher had engaged in and the reports he had received while Epps was reading the writeup.

22.

Epps responded by saying, referring to Usher, "these mother fucking niggas, I give these mother fucking niggas a chance and an opportunity, and this is what the fuck they do to me."

23.

Epps then asked Plaintiff to set up a meeting with them and Usher present, which Plaintiff set for the following day.

24.

The following day, September 25, 2023, Plaintiff, Usher, and Epps met.

25.

Epps told Usher that he would not be receiving any discipline because Usher had been "loyal" to Epps for "a long time."

26.

Epps then requested Plaintiff to speak with the victims of Usher's sexual harassment and get them to sign something recanting their statements "so there wouldn't be blowback or a lawsuit."

27.

Plaintiff refused to do so.

28.

Instead, Plaintiff notified Jones and Allen the following day, September 26, 2023, what Epps had asked him to do and told them that he was not going to discipline Usher.

29.

On October 8, 2023, Epps asked if Plaintiff had gotten "those statements" signed by Allen and Jones.

30.

Plaintiff told Epps his request was unlawful, immoral, and stated that he would not be gathering those statements.

31.

Then, on October 18, 2023, Plaintiff was terminated by Moragne via email.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is pretext for unlawful retaliation in response to Plaintiff engaging in protected activity.

33.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

### **COUNT I: Retaliation in Violation of Title VII**

34.

Plaintiff re-alleges paragraphs 11-33 as if set forth fully herein.

35.

Defendant terminated Plaintiff because of Plaintiff's protected activity, in violation of Title VII.

36.

By the actions set forth herein, Plaintiff engaged in protected activity under Title VII.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

38.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation, including lost wages and emotional disress caused by the retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Grant Plaintiff damages for lost wages and benefits and prejudgment interest thereon;

(C)  Grant Plaintiff general damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(D)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(E)     Grant Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)     Grant Plaintiff reasonable attorneys' fees and expenses of litigation;

(G)     Award Plaintiff such further and additional relief as may be just and appropriate.

This 4th day of June, 2024.

                               **BARRETT & FARAHANY**

                               /s/ V. Severin Roberts
                               V. Severin Roberts
                               Georgia Bar No. 940504
                               Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com